# United States Court of Appeals for the Fifth Circuit

No. 24-40694
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GAEL LUNA-GUTIERREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CR-185-1

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Gael Luna-Gutierrez challenges his above-Guidelines 120-months' sentence, imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2). He contends that his sentence, which is more than three times the high end of the advisory Sentencing Guidelines range, is substantively unreasonable.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-40694

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id*. at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As stated, we review the substantive reasonableness of a sentence for abuse of discretion. Pertinent to the issue at hand, we do so "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range", giving "due deference to the district court's decision that the [18 U.S.C.] § 3553(a) [sentencing] factors, on a whole, justify the extent of the variance". *Gall*, 552 U.S. at 51.

A sentencing court is required to "make an individualized assessment based on the facts presented", and "disproportionate offenses may warrant disproportionate sentences". *United States v. Key*, 599 F.3d 469, 475–76 (5th Cir. 2010) (citation omitted). The record shows the court considered the Guidelines and the § 3553(a) sentencing factors and chose to vary upward in the light of Luna's extensive criminal and immigration history. It was within the court's discretion to conclude the advisory range did not sufficiently account for this background. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (defendant's extensive history of re-entry following deportation justified upward variance from advisory range); 18 U.S.C. § 3553(a)(1) (history and characteristics of defendant are appropriate considerations when determining sentence).

2

Moreover, as the Government notes, the extent of the variance is not unprecedented. *See, e.g.*, *United States v. Saldana*, 427 F.3d 298, 315–16 (5th Cir. 2005) (affirming 60-month term where top of advisory range was 10 months). Luna's contentions that the court should have balanced the § 3553(a) sentencing factors differently are not sufficient grounds for reversal. *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016); *Gall*, 552 U.S. at 51 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

AFFIRMED.